JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Angelica Lopez Arambula,<br><br>Plaintiff,<br><br>v.<br><br>FAB4 LLC, et al.,<br><br>Defendants | 2:20-cv-03178-VAP-ASx<br><br>**Order GRANTING Motion to Remand (Dkt. 11)** |

Before the Court is Plaintiff Angelica Lopez Arambula's ("Plaintiff") Motion to Remand, filed April 17, 2020. ("Motion," Dkt. 11). Defendant FCA US LLC opposed the Motion on April 27, 2020, (Dkt. 12), and Plaintiff replied on May 4, 2020, (Dkt. 13).

After considering all papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court GRANTS the Motion and REMANDS the action to the California Superior Court for the County of Los Angeles. The Court DENIES the request for attorneys' fees.

## I. BACKGROUND

On March 2, 2020, Plaintiff filed her initial complaint against Defendants FAB4 LLC, dba Russell Westbrook Chrysler Dodge Jeep Ram of Van Nuys ("Russell Westbrook CDJR") and FCA US LLC ("FCA") (together,

1

"Defendants") in Los Angeles Superior Court, asserting breach of implied and express warranty under California's Song-Beverly Consumer Warranty Act and fraud against FCA US only, and negligent repair against Russell Westbrook CDJR. (*See generally* "Compl.," Dkt. 1-2). Defendant FCA timely removed the action on April 6, 2020. (Dkt. 1). Plaintiff argues that Defendant FCA's removal from state court was defective and improper because FCA failed to establish properly federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship. (Dkt. 11). Defendant FCA argues that removal is proper pursuant to this Court's diversity jurisdiction, because Russell Westbrook CDJR is a sham defendant. (Dkt. 1).

## II. LEGAL STANDARD

A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The amount is "determined at the time the action commences, and a federal court is not divested of jurisdiction . . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Indus. and Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999).

There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

Cir. 1992) (citation omitted). A "defendant always has the burden of establishing that removal is proper." *Id.*

### III. DISCUSSION

**A. Fraudulent Joinder**

It is undisputed that Plaintiff is a citizen and resident of California, and that Russell Westbrook CDJR is also a citizen of California.[1] (*See* Compl. ¶¶ 2, 7; Dkt. 12 at 2). FCA is an LLC whose membership consists of several "nested" LLCs, none of which are citizens of California:

> FCA US is, and was at the time Plaintiff commenced this action, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Michigan. The sole member of FCA US is FCA North America Holdings LLC, a limited liability company organized under Delaware law with its principal place of business in Michigan. The sole member of FCA North America Holdings LLC is FCA Holdco B.V. (Besloten Vennootschap), a company organized under the laws of the Netherlands with its principal place of business in London, United Kingdom. The sole member of FCA Holdco B.V. is Fiat Chrysler Automobiles N.V. (Naamloze Venootschap), a publicly traded company incorporated under the laws of the Netherlands with its principal place of business in London, United Kingdom.

(Dkt 12 at 3-4 (internal citations omitted); *see also* Dkt. 3). Thus, while Plaintiff and FCA are diverse from each other, Plaintiff is *not* diverse from Russell Westbrook CDJR. FCA asserts that removal based on diversity jurisdiction is proper nevertheless because Russell Westbrook CDJR is a

---

[1] Plaintiff does not dispute Defendant's contention that the amount in controversy requirement is satisfied here.

"sham defendant," and, as such, its citizenship should not be considered for diversity purposes. (*See* Dkt. 1 ¶ 39 ("Defendant FCA contends that Plaintiff fraudulently joined Russell Westbrook CDJR in this action for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court.")). Removal is proper even if a non-diverse defendant is present where that defendant has been fraudulently joined or constitutes a sham defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, the only disputed element of federal diversity jurisdiction is the validity of Russell Westbook CDJR's joinder in the action.

The Ninth Circuit recognizes "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder is established by the second method if a defendant shows that an "individual [] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (*Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)) (emphasis added). A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general

presumption against [finding] fraudulent joinder." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).

"The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). Thus, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). The defendant must make this showing by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

In its Notice of Removal, Defendant FCA casts doubt on Plaintiff's good faith in naming Russell Westbrook CDJR as a Defendant, stating that it "believes Plaintiff has no intention of prosecuting this claim against Russell Westbrook CDJR." (Dkt. 1 ¶ 30). It provides no basis for this belief. FCA further claims that "it is evident Plaintiff's claim against Russell Westbrook CDJR for 'Negligent Repair' is only brought to defeat the claim of diversity and removal to federal court," but provides as its only support that "FCA's counsel's vast litigation experience in opposing these types of cases has been that individual dealerships have not been regularly sued." (Dkt. 1 ¶ 32). This is, to put it mildly, unpersuasive: that counsel has not seen such a defendant joined before in no way establishes that the defendant was fraudulently joined.

In its opposition to Plaintiff's Motion to Remand, FCA makes two further arguments to support its contention that Russell Westbrook CDJR is a sham defendant: first, FCA argues that the economic loss doctrine bars recovery against Russell Westbrook CDJR, and second, that Plaintiff's allegations against Russell Westbrook CDJR are pled inadequately.  Plaintiff has rebutted both arguments.

Defendant FCA first argues that the economic loss doctrine bars a finding of liability against Russell Westbrook CDJR but fails to recognize that California law recognizes several exceptions to that doctrine, such as where there is negligent performance of services.  Here, Plaintiff's claim against Russell Westbrook CDJR is one for negligent performance of (repair) services.  Courts in this district have held that "it is not obvious under California law that Plaintiffs' negligent repair claim . . . is barred by the economic loss rule."  *Barillas v. FCA US LLC et al.*, No. 2:29-cv-02671-SVW-MRW, 2019 WL WL2865925, *2 (C.D. Cal. July 2, 2019).  *See also Saldivar v. FCA US LLC*, No. 2:19-cv-06393-ODW (JPRx), 2019 WL5310188, *2 (C.D. Cal. Oct. 21, 2019) (noting that "California courts have recognized an exception to the economic loss rule in cases involving negligent performance of services," so "a possibility exist[ed] that a state court would find that Plaintiffs [had] state[d] a viable cause of action against" the defendant and therefore concluding that joinder was not fraudulent and plaintiff's motion to remand should be granted).

The Court reaches the same conclusion here.  The Court does not decide if Plaintiff's allegations have sufficiently overcome the economic loss

doctrine, as that is not the issue presented by a motion to remand based on fraudulent joinder. Instead, as courts in this district have held, "when determining fraudulent joinder the question is not whether the current allegations state a claim, but whether it would be possible for plaintiff to amend with additional allegations could state a claim." *Graciella Carrillo, et al. v. FCA US LLC, et al.*, No. EDVC 20-481 JGB (SHKx), 2020 Minute Order, p. 3 (C.D. Cal. May 1, 2020) (citing *Gayou v. Ford Motor Co.*, 2019 WL 1325846, at *3 (C.D. Cal. Mar 25, 2019). Thus, even if Plaintiff has not pled the exception to the economic loss doctrine adequately in her original complaint, it is not clear that Plaintiff could not, by amending the complaint, overcome that doctrine.

Defendant FCA also argues that Plaintiff has pled inadequately its claim against Russell Westbrook CDJR, stating that Plaintiff has failed to provide details regarding the elements of a negligence claim. The Court disagrees. As Plaintiff argues, "[a] California law negligence claim requires that a plaintiff show the existence of a duty of care, that the defendant breached that duty, and that the breach proximately caused plaintiff's damages. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013)." (Dkt. 13 at 3). Plaintiff has described each of these elements, (*see* Compl. ¶¶ 129-133), and provided a factual basis for them as well, (*see* Compl. ¶¶ 55-58). As described in greater detail above, the Court must determine not whether the claim is sufficiently articulated as pled, but rather whether it would be possible for plaintiff to amend with additional allegations could state a claim. Here, the Court finds that, even if negligence is pled inadequately in the current complaint, it is possible that Plaintiff could

amend the complaint to sufficiently articulate this claim against Russell Westbrook CDJR.

In sum, Defendant FCA has not shown that Plaintiff is unable "to establish a cause of action against the non-diverse party in state court," *Hunter v. Phillip Morris USA*, 582 F.3d at 1044, and therefore has failed to meet its "heavy burden" to rebut the "general presumption against [finding] fraudulent joinder[,]" *GranCare, LLC v. Thrower*, 889 F.3d at 548. The Court also declines to drop Russell Westbrook CDJR as a defendant pursuant to Rule 21 and accordingly grants Plaintiff's Motion to Remand.

### B. Attorneys' Fees

Finally, Plaintiff seeks $625 for attorneys' fees and expenses incurred a result of the removal. (Dkt. 11 at 10). Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A showing of bad faith is not required. Instead, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). An award of fees under § 1447(c) is left to the district court's discretion. *Id.* at 136, 139.

Attorneys' fees are not warranted "solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d


1062, 1065 (9th Cir. 2008). Aside from articulating why Plaintiff believes Defendants' removal was improper, Plaintiff gives no basis for the removal being objectively unreasonable. Accordingly, Plaintiff's request for attorneys' fees is denied.

### IV. CONCLUSION

The Court therefore GRANTS the Motion to Remand and REMANDS the action to the California Superior Court for the County of Los Angeles. The Court DENIES Plaintiff's request for attorneys' fees.

**IT IS SO ORDERED.**

Dated: 5/18/20

Virginia A. Phillips
Chief United States District Judge